# 30

## NEW ORLEANS SHIPWRECKING CORPORATION v. SMITH et al.

### No. 9896.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 9, 1948.

Decided Dec. 13, 1948.

Writ of Certiorari Denied April 18, 1949.

See 69 S.Ct. 884.

WILBUR K. MILLER, J., dissenting.

———

Mr. Daniel S. Ring, of Washington, D. C., for appellant.

Mr. L. Clark Ewing, Asst. U. S. Atty., with whom Messrs. George Morris Fay, U. S. Atty., John D. Lane, Asst. U. S. Atty., and Paul D. Page, Jr., Sol. United States Maritime Commission, all of Washington, D. C., were on the brief, for appellees. Messrs. Sidney S. Sachs and John P. Burke, Asst. U. S. Attys., both of Washington, D. C., also entered appearances for appellees.

Before EDGERTON, CLARK and WILBUR K. MILLER, Circuit Judges.

EDGERTON, Circuit Judge.

The United States Maritime Commission voted on January 22, 1948, to award to appellant corporation and to other bidders some of the surplus ships for which they had bid. It directed its "proper officers" to take "all actions necessary and proper to carry the action of the Commission * * * into effect." Appellant correctly states that "normal procedure would have been for the Secretary of the Commission to have notified the staff to prepare telegrams of notification for the successful bidders and to dispatch the same over his signature. The Secretary took no such action."

One Siegel learned on January 22 from an acquaintance, not an employee of the Commission, that awards of surplus ships had been made. On that day and the next Siegel asked members of the Commission's staff for information. He was an agent of appellant corporation, but the Commission's staff did not know this. His testimony tends to show that the Commission's Secretary told him the Commission had made awards, and that employees of the Commission told him it had made awards to appellant and would notify appellant.

Instead of notifying appellant of awards the Commission voted on January 23 to rescind its resolution of January 22. Appellant now seeks to enforce the resolution of January 22. We think the District Court was right in dismissing the complaint.

 Appellant's bids were of course offers. The resolution of January 22 was a decision to accept some of them. But acceptance of offers involves not only a decision to accept them but notification to the offeror, and notification, like other legal

acts, involves actual or apparent intention. There is no evidence that the Commission or its officers or employees did anything that was or appeared to be intended as notice to the appellant of the Commission's decision to accept some of its offers. Siegel was not known to have any connection with appellant. Moreover the Commission's Secretary, who was its only officer authorized to give notice, did not say even to Siegel that any of the appellant's bids were being accepted. The Commission's subordinate employees were not authorized to, and did not purport to, notify appellant of anything, but merely told Siegel the Commission was going to notify appellant.

We need not consider whether, as the government contends, this is a suit against the United States.

Affirmed.

WILBUR K. MILLER, J., dissents.